CALDWELL FARMS, Inc. v. SOUTH SHORE DAIRY FARMS, Inc.

No. 113, Docket 22143.

United States Court of Appeals Second Circuit.

Argued Dec. 6, 1951.

Decided Jan. 7, 1952.

Herman B. Zipser, New York City, for appellant.

Levin & Weintraub, New York City, for appellee; Harris Levin, New York City, of counsel; Melvin I. Pitt, New York City, on the brief.

Before SWAN, Chief Judge, and L. HAND and AUGUSTUS N. HAND, Circuit Judges.

## PER CURIAM.

The amended plan for arrangement was set down for confirmation on May 17, 1951 and the hearing thereon was adjourned to May 24th. The local rule of the Eastern District requires a creditor who objects to confirmation of an arrangement to file specifications of objection on the return day or suffer a default. The appellant, a creditor which acquired its claim by assignment several months after the arrangement proceeding was commenced, filed no specifications either on May 17th or on May 24th. Instead it procured from Judge Byers on May 23rd a show cause order to stay confirmation of the amended plan of arrangement. This show cause order was referred to the referee and a hearing thereon of substantial length was had on June 6th. At the conclusion thereof the referee dismissed it because the creditor had failed to disclose any cause for the requested relief. The creditor then presented formal specifications of objection to confirmation, which added nothing to what the petition had already alleged. The referee refused to accept these and have a further hearing unless the creditor would give a bond to protect the estate against the resulting delay. This the creditor declined to do. Accordingly on June 7th an order was entered dismissing the show cause petition and, treating it as specifications of objection, also dismissing them. This is the first order of the referee which the present appeal seeks to reverse. The second order complained of was entered June 22nd.

This dismissed a show cause order obtained from Judge Abruzzo on June 7th and thereafter referred to the referee. The allegations of the petition for the June 7th show cause order added nothing to those upon which the May 23rd show cause order was obtained and upon which the creditor had already had a day-long hearing before the referee. Plainly the referee's second order was right if his first was. The district court confirmed both orders.

We find nothing of merit in this appeal. Whether the local bankruptcy rule, Rule XI–7, which directs "The Court" to "decide the procedure necessary to secure justice to the parties" would justify the referee in exacting a bond as a condition to accepting specifications of objections we need not decide. In any event, the referee has discretion to refuse a continuance of a hearing on specifications. Hence the question in the case at bar is whether discretion was abused in declining to continue the hearing beyond June 7th without the posting of security. We do not think it was. The grounds of objection were the same as those asserted in the petition upon which the hearing had been going on throughout the day of June 6th without the creditor producing anything to substantiate its alleged grievances. It had had at least two weeks to prepare its evidence, for its petition was dated May 22. Instead of filing specifications of objection as the rule requires, the creditor had sought delay through the intervention of the district judge; there was reason to think that further delay would hurt the debtor's business and that the objecting creditor was trying to prolong the proceedings in the hope that the debtor would be forced into bankruptcy and thus eliminated as a competitor. Under the circumstances disclosed by the record, we cannot say that the referee abused discretion in closing the hearings. The order of the district court is affirmed.